1  ARLENE P. MESSINGER
   Assistant General Counsel for SBIC Enforcement
2  U.S. Small Business Administration
   Receiver for Prospero Ventures, L.P.
3  409 Third Street, S.W., 7th Floor
   Washington, DC 20416
4  Telephone: (202) 205-6857
   Facsimile: (202) 481-0325
5
   DARRYL J. HOROWITT #100898
6  CHRISTINE J. LEVIN #192181
   COLEMAN & HOROWITT, LLP
7  Attorneys at Law
   499 West Shaw, Suite 116
8  Fresno, California 93704
   Telephone: (559) 248-4820
9  Facsimile: (559) 248-4830

10 Attorneys for Plaintiff,
   U.S. SMALL BUSINESS ADMINISTRATION,
11 as Receiver for PROSPERO VENTURES, L.P.

ORIGINAL
F I L E D

JUL 19 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ADR

EMC

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P., <br><br> Plaintiff(s), <br><br> v. <br><br> JARRAT ENTERPRISES LIMITED PARTNERSHIP, <br><br> Defendant(s). | C 07-03736 <br><br> COMPLAINT FOR BREACH OF PARTNERSHIP AGREEMENT AND DEMAND FOR TRIAL BY JURY <br><br> Related Case: <br> Civil No: C 04-4351 SBA <br> Hon. Saundra Brown Armstrong |

Plaintiff, U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P. ("PROSPERO"), alleges:

## JURISDICTION AND VENUE

1. Pursuant to the Small Business Investment Act of 1958, as amended (the "Act"), 15 U.S.C. §§ 687 and 687h, and pursuant to 28 U.S.C. §§ 754 and 1367, this Court has jurisdiction over this action, which is ancillary to the receivership proceeding, *United States of*

1

F:\CLIENTS\1875-USSBA Prospero\01 Prospero\Pldg\Jarrat\Complaint.wpd
7/11/07 - 9:31 am

COMPLAINT

1  jurisdiction over this action, which is ancillary to the receivership proceeding, *United States of America v. Prospero Ventures, L.P.*, Case No. C 04-4351, Judge Brown Armstrong, currently pending before this Court. This is an action for money judgment and for such other and further relief as this Court deems just and proper.

2. Venue is proper in the Northern District of California, Oakland Division, as this action is ancillary to the receivership proceedings referred to in paragraph 2, above, and pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events and omissions giving rise to the claims occurred in this district.

## PARTIES

3. The U.S. SMALL BUSINESS ADMINISTRATION ("SBA") is an Agency of the United States of America with its principal offices at 409 Third Street, S.W., Washington, DC 20416. By Order entered October 20, 2004 (the "Receivership Order"), this Court appointed the SBA as Receiver for PROSPERO ("Receiver"), and in that capacity maintains offices in Washington, DC. On April 13, 2007, this Court entered its Order (the "Lift Stay Order") lifting the judicial stay imposed by the Receivership Order and authorized the Receiver to commence this action. Plaintiff brings this suit solely in its capacity as Receiver for PROSPERO.

4. PROSPERO is a California Limited Partnership. It maintained its last principal office and principal place of business at 870 Market Street, Suite 1040, San Francisco, California 94102, within this District. On September 29, 1999, PROSPERO (formerly known as Dotcom Ventures, L.P., formerly known as ASCII Ventures, L.P.) was licensed by SBA as a small business investment company ("SBIC") pursuant to § 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Upon information and belief, defendant JARRAT ENTERPRISES LIMITED PARTNERSHIP is a limited partnership with its principal office located at Henderson, Nevada.

## FACTS

6. On or about April 1, 1999, PROSPERO and defendant entered into a written partnership agreement (hereinafter "the Prior Agreement").

7. On or about September 10, 1999, PROSPERO and defendant entered into an

ASCII Ventures, L.P.) a California Limited Partnership, now known as PROSPERO (hereinafter "the Partnership Agreement"). A true and correct copy of the Partnership Agreement is attached hereto as Exhibit "A" and made a part hereof. The Partnership Agreement amended the Prior Agreement.

8. The Partnership Agreement was signed on September 10, 1999, by the General Partner of PROSPERO "... on behalf of itself and each of the persons listed as limited partners ... to the Partnership's Amended and Restated Limited Partnership Agreement dated as of April 1, 1999 (the 'Prior Agreement')." Defendant is a signatory limited partner to the Prior Agreement. A true copy of the signature page containing defendant's execution as a limited partner is attached hereto as Exhibit "B" and made a part hereof.

9. Paragraph 1.6 of the Partnership Agreement, Capital Commitment, states "A Partner's Capital Commitment shall mean the amount that such Partner has agreed to contribute to the capital of the Partnership as set forth opposite such Partner's name on Exhibit A hereto."

10. Pursuant to Exhibit A, Capital Commitments, to the Partnership Agreement, defendant committed to contribute $124,752.48 to the PROSPERO Partnership.

11. The books and records maintained by PROSPERO which are in the possession of the Receiver indicate that the defendant has paid only one-half, $62,376.24, of its capital commitment, and that the remaining one-half is unpaid.

12. On or about November 10, 2004, plaintiff notified defendant that PROSPERO had been ordered into receivership, that the SBA had been appointed Receiver of PROSPERO, and that the Receiver had taken over the control of the assets and operations of PROSPERO. A copy of the Receivership Order was enclosed with the letter. A true copy of the Receiver's letter is attached hereto as Exhibit "C" and incorporated by reference herein.

13. On or about February 9, 2005, plaintiff demanded payment of defendant's unfunded capital commitment in full by March 18, 2005. A true copy of this letter is attached hereto as Exhibit "D" and incorporated by reference herein.

14. Paragraph 5.7(b)(i) of the Partnership Agreement provides that a Defaulting Partner shall pay interest on the amount of its capital contribution then due to the Partnership

Partner shall pay interest on the amount of its capital contribution then due to the Partnership ". . . at an interest rate equal to the floating commercial rate of interest publicly announced by Bank of America, San Francisco, California, as its prime rate plus four percent (4%) per annum, such interest to accrue from the date the contribution to the Partnership was required to be made . . . until the date the contribution is made . . .".

## FIRST CLAIM FOR RELIEF

(Against Defendant JARRAT ENTERPRISES LIMITED PARTNERSHIP for Breach of Partnership Agreement)

15. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

16. Defendant has breached the Partnership Agreement by failing to pay the required capital contribution despite demand.

17. As a result of defendant's breach of the Partnership Agreement, defendant is indebted to plaintiff in the sum of $72,474.17, as of November 30, 2006, together with interest in an amount according to proof.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For damages in the sum of $72,474.17;

2. For interest thereon at the rate of 9.5% per annum in an amount according to proof;

3. For costs of suit incurred herein; and,

4. For such other and further relief as the court may deem just and proper.

Dated: July 17, 2007

COLEMAN & HOROWITT, LLP

By: _____
DARRYL J. HOROWITT
Attorneys for Plaintiff,
U.S. SMALL BUSINESS
ADMINISTRATION, as Receiver for
PROSPERO VENTURES, L.P.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in the above-captioned matter.

Dated: July 17, 2007

COLEMAN & HOROWITT, LLP

By: _____
DARRYL J. HOROWITT
Attorneys for Plaintiff,
U.S. SMALL BUSINESS
ADMINISTRATION, as Receiver for
PROSPERO VENTURES, L.P.