JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.,<br><br>      Plaintiff(s),<br><br>v.<br><br>JARRAT ENTERPRISES, L.P.,<br><br>      Defendant(s). | NO. C 07-03736 VRW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER |

   The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

   **1.**  **A brief description of the events underlying the action:**

On April 1, 1999, PROSPERO VENTURES, L.P. ("PROSPERO") and JARRAT ENTERPRISES, L.P. ("JARRAT") entered into a written Partnership Agreement which was modified on or about September 10, 1999. Pursuant to the Agreement, JARRAT agreed to contribute $124,752 to the capital of the Partnership. JARRAT subsequently made a payment of $62,376.

On or about November 10, 2004, PLAINTIFF notified DEFENDANT that PROSPERO had been ordered into receivership, that the SBA had been appointed Receiver of PROSPERO, and that the Receiver had taken over the control of the assets and operations of PROSPERO. On or about February 9, 2005, PLAINTIFF demanded payment in the amount of $62,376 by March 18, 2005. JARRAT did not make any payment in response to the demand.

PLAINTIFF contends that JARRAT has breached the Partnership Agreement by failing to pay the second half of the capital commitment; therefore, JARRAT is indebted to PLAINTIFF in the sum of $62,376, plus interest. JARRAT denies that he is indebted to the PLAINTIFF and denies that its conduct constitutes a breach of the Partnership Agreement. JARRAT raises numerous affirmative defenses.

   **2.**  **The principal factual issues which the parties dispute:**

The principal disputed factual issues are as follows: (1) whether JARRAT paid the second half of the capital commitment in the amount of $62,376, (2) whether JARRAT owes PLAINTIFF $62,376, plus interest; (3) whether PLAINTIFF failed to give PROSPERO and JARRAT an opportunity to cure; (4) whether PLAINTIFF acted in bad faith; (5) whether PLAINTIFF mitigated its damages; and, (6) whether PLAINTIFF took actions or made statements that were relied upon by PROSPERO and JARRAT to their detriment.

     3.     **The principal legal issues which the parties dispute:**

The principal legal issues are (1) whether JARRAT breached the Partnership Agreement when it failed to pay $62,376 despite demand; (2) whether JARRAT is indebted to PLAINTIFF in the sum of $62,376 together with interest; (3) whether PLAINTIFF breached the Implied Covenant of Good Faith and Fair Dealing; (4) whether PLAINTIFF acted in bad faith and with unclean hands; (5) whether PLAINTIFF is estopped from enforcing the contract; (6) whether PLAINTIFF breached its fiduciary duties; (7) whether the SBA regulations are invalid; (8) whether the SBA regulations are vague, ambiguous, and unenforceable; (9) whether PLAINTIFF failed to mitigate its damages; (10) whether PLAINTIFF's actions are ultra vires; and (11) whether Defendant can bring any of the affirmative defenses raised.

     4.     **The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no other factual issues of which the parties are aware.

     5.     **The parties which have not been served and the reasons:**

All parties have been served and have appeared.

     6.     **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

     7.     **The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

The parties consent to assignment of the case to a United States Magistrate Judge for jury trial.

## ALTERNATIVE DISPUTE RESOLUTION

     8.     *[Please indicate the appropriate response(s).]*

❑     **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

XX     **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** (specify process):
The parties agreed to mediate this matter pursuant to this Court's ADR program. The Stipulation and Agreement to Mediate was filed on November 2, 2007. The parties completed mediation on February 27, 2008.

❑     **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____.

❑     **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____.

     9.     **Please indicate any other information regarding ADR process or deadline.**

## DISCLOSURES

**10.     The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*:

PROSPERO provided its initial discovery disclosures on November 20, 2007.
JARRAT will make his initial discovery disclosures by November 30, 2007.

## DISCOVERY

**11.**     The parties previously agreed to the following discovery plan:

**A.     INTERROGATORIES**

    **1.     By Plaintiff:**
        a.     Interrogatories to obtain additional information.
        b.     Approximately 20 to 25 interrogatories.
        c.     Interrogatories will be served by April 15, 2008.

    **2.     By JARRAT:**
        a.     Interrogatories to obtain additional information.
        b.     Approximately 20 to 25 interrogatories.
        c.     Interrogatories will be served by July 15, 2008.

**B.     REQUESTS FOR ADMISSIONS**

    **1.     By Plaintiff:**
        a.     Request for Admissions of Fact and Genuineness of Documents.
        b.     Requests will be served by April 15, 2008.
        c.     Approximately 15 requests for admissions of genuineness of documents to each defendant.
        d.     Approximately 15 to 20 requests for admissions of fact.

    **2.     By JARRAT:**
        a.     Request for Admissions of Fact and Genuineness of Documents.
        b.     Requests will be served by July 15, 2008.
        c.     Approximately 15 requests for admissions of genuineness of documents to each plaintiff.
        d.     Approximately 15 to 20 requests for admissions of fact.

**C.     REQUESTS FOR PRODUCTION OF DOCUMENTS**

    **1.     By Plaintiff:**
        a.     Request production of documents disclosed by defendants in their Rule 26 disclosure, as well as other documents that are relevant to a claim or defense.
        b.     Requests will be served by April 15, 2008.

    **2.     By JARRAT:**
        a.     Request production of documents disclosed by plaintiffs in their Rule 26 disclosure, as well as other documents that are relevant to a claim or defense.
        b.     Requests will be served by July 15, 2008.

D.  **EXPERT DISCOVERY**

The parties believe that all non-expert discovery can be completed by May 15, 2008, and expert discovery completed by October 15, 2008.

E.  **DEPOSITIONS**

1.  **By Plaintiff:**

    a.  PLAINTIFF intends to depose JARRAT. This deposition will likely take no more than two, eight hour days.
    b.  PLAINTIFF reserves the right to depose additional witnesses as may be identified through discovery.

2.  **By JARRAT:**

    a.  JARRAT intends to depose the person designated as a Representative of PLAINTIFF. This deposition will likely take no more than two, eight hour days.
    b.  JARRAT reserves the right to depose additional witnesses as may be identified through discovery.

3.  **Time Estimate:** Both parties estimate that the above identified depositions can be completed by September 30, 2008.

**TRIAL SCHEDULE**

12. **The parties previously agreed upon a trial date as follows:**

The parties estimated a three (3) day trial. The parties propose a trial date of March 2, 2009.

**COLEMAN & HOROWITT, LLP**

/S/

Dated: March 17, 2008        DARRYL J. HOROWITT
**Attorneys for Plaintiff,** U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.

**Donoghue, Barrett & Singal**

/S/

Dated: March 17, 2008        BRUCE SINGAL
**Attorney for Defendant,** JARRAT ENTERPRISES, L.P.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders as follows:

Dated: _____        _____
**HON. VAUGHN R. WALKER**
**UNITED STATES DISTRICT JUDGE**